UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

   v.                                        Case No. 16-cr-0059-PB
                                                Opinion No. 2024 DNH 090

**Brian Powell**

### ORDER

Brian Powell is currently serving a 300-month prison sentence following a conviction for the production of child pornography in violation of 18 U.S.C. § 2251. Doc. 67 at 30; Doc. 34 at 18; Doc. 9 at 1. Since 2016, Powell has been incarcerated at FCI Danbury. In September 2024, Powell acted pro se in filing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. 74. I appointed Attorney Jaye Rancourt of the Federal Public Defender Office as counsel for the duration of the postconviction compassionate release proceedings. Attorney Rancourt filed a supplemental brief supporting Powell's pro se motion for compassionate release. See Doc. 76. The United States objected to Powell's motion. See Doc. 78. In response, Powell filed a pro se reply to the government's objection. See Doc. 80.

Attorney Rancourt then filed a motion on Powell's behalf to determine status of counsel and to allow Powell to proceed pro se with the assistance of

standby counsel. See Doc. 79. Powell requests that his pro se filings be docketed and considered on their merits. Id. at 1. Powell also seeks transport to the Court for an in-person hearing in his postconviction proceedings so as to address the Court directly. Id. at 2. For the reasons set forth below, I grant the motion for Powell to proceed pro se and deny the request that I appoint standby counsel. I deny the request for an in-person hearing on Powell's outstanding motion for compassionate release.

**I.     Right to Counsel**

The First Step Act of 2018 allows an incarcerated defendant to file a motion directly with the trial court seeking compassionate release after exhausting all administrative options through the Bureau of Prisons. See Pub. L. No. 115-391, § 603(b), 132 St. 5194, 5239 (2018) (amending 18 U.S.C. § 3582). Courts have repeatedly held that, as in similar postconviction matters, defendants do not have a right to appointed counsel in proceedings pursuant to the First Step Act, as codified at 18 U.S.C. § 3582(c). See United States v. Manso-Zamora, 991 F.3d 694, 696 (6th Cir. 2021) ("[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings."); see also United States v. Hemmelgarn, 15 F.4th 1027, 1032 (10th Cir. 2021); United States v. Meeks, 971 F.3d 830, 833 (8th Cir. 2020); United States v. Forman, 553 F.3d 585, 590 (7th Cir. 2009) (per curiam),

overruled on other grounds by United States v. Taylor, 778 F.3d 667, 669 (7th Cir. 2015); United States v. Webb, 565 F.3d 789, 795-96 (11th Cir. 2009) (per curiam); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996) (per curiam); United States v. Reddick, 53 F.3d 462, 464 (2d Cir. 1995); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995).[1] Neither the Sixth Amendment nor the statute entitles a defendant to counsel when he seeks compassionate release. See, e.g., Manso-Zamora, 991 F.3d at 696 (citing Coleman v. Thompson, 501 U.S. 722, 752 (1992)).

In limited cases, courts have noted that a litigant can demonstrate that their exceptional circumstances justify the appointment of counsel where no preexisting right would require it. See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). Litigants should be appointed counsel when the denial of proper representation would result in fundamental unfairness and impinge on their due process rights. See id. (citing Childs v. Duckworth, 705 F.2d 915,

---

[1]   Though several circuits only directly addressed the question of a defendant's right to counsel during § 3582(c) proceedings prior to the enactment of the First Step Act, courts have continued to hold that nothing in the statute provides a right to counsel during the pendency of motions for compassionate release. See, e.g., United States v. Al-Shabazz, No. 24-6068, 2024 WL 3042905, at *1 (4th Cir. June 18, 2024); United States v. Latin, No. 22-10173, 2023 WL 3580758, at *1 (9th Cir. May 22, 2023); United States v. Cain, 827 Fed.Appx. 915, 921 (11th Cir. 2020).

3

922 (7th Cir. 1983)). In determining whether fundamental fairness requires the appointment of counsel, relevant factors include the complexity of the legal or factual issues and the ability of the litigant to investigate and present their case. See id. at 3.

In this matter, I appointed Attorney Rancourt to represent Powell for the duration of the compassionate release process. That appointment was a privilege, not a right. To be sure, equitable principles of fundamental fairness can require the appointment of counsel where no right exists. Here, however, Powell has not demonstrated any reason why he would need counsel or the support of standby counsel. Powell's pro se filings have been thorough and clearly organized. See, e.g., Doc. 74 (including over fifty pages of legal argument as to why he should be eligible for an early release). His motion for compassionate release and the grounds for it are clearly set out with section headings and citations to statutes as well as case law. See id. The facts underlying this matter and the law of § 3582(c) are not complex enough that allowing Powell to proceed pro se would be fundamentally unfair.

Because Powell has requested to proceed pro se, he may do so. I will consider both Powell's pro se filings and the filings already made by appointed counsel in my consideration of his motion for compassionate

release. Attorney Rancourt's appointment is terminated, and I decline to appoint standby counsel.

## II. Request for a Hearing

Neither § 3582(c) nor any of the relevant provisions of the U.S. Constitution suggest a right to a hearing on a motion for compassionate release. Circuit courts of appeal have consistently held that a defendant is not entitled to a hearing on a postconviction motion for compassionate release. See United States v. Sepulveda, 34 F.4th 71, 77 (1st Cir. 2022) (noting that criminal defendants are not automatically entitled to evidentiary hearings on posttrial motions); see also Hemmelgarn, 15 F.4th at 1032 n.3; United States v. Smith, 958 F.3d 494, 499 (6th Cir. 2020); United States v. Williams, 943 F.3d 841, 843 (8th Cir. 2019).

Under the text of the First Step Act, district courts have discretion to impose reduced sentences, but "the Act does not mention, let alone mandate, a hearing." Williams, 943 F.3d at 843. Accordingly, district courts have broad discretion in determining the propriety of an evidentiary hearing when considering a motion. Id.

Nothing in either Powell's or the government's motions suggests that a hearing is necessary to adjudicate the propriety of a sentencing modification pursuant to § 3582(c). While Powell requests the hearing so that he may

5

"address the Court himself," Doc. 79 at 2, Powell's pro se filings already provide him with a sufficient opportunity to do so. He does not raise any further reasons that an in-person hearing might be necessary.

In light of the foregoing considerations, I grant the motion for Powell to proceed pro se, deny the motion to appoint standby counsel, and deny the motion for a hearing.

SO ORDERED.

<u>/s/ Paul J. Barbadoro</u>
Paul J. Barbadoro
United States District Judge

October 15, 2024

cc:     Counsel of Record