**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>**United States of America**</u>

    v.

<u>**Brian Powell**</u>

Case No. 16-cr-59-PB-1
Opinion No. 2024 DNH 091

<u>**ORDER**</u>

Brian Powell is serving a 300-month sentence for production of child pornography. Although he has served less than half his sentence, Powell seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1). His principal argument is that he needs to be released now to care for his ailing mother. He also claims that he should be granted a sentence reduction because he received a disproportionately harsh sentence when compared to other similar offenders, his participation in programming while incarcerated and his spotless disciplinary record demonstrate that he is at low risk of reoffending, and because his sentence was unusually harsh because he was incarcerated during the height of the COVID-19 pandemic. Doc. 74.

The First Circuit Court of Appeals has explained that a court may grant a request for a sentence reduction brought by a defendant who has exhausted administrative remedies if "(1) there are extraordinary and

compelling reasons that warrant a sentence reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable, the court finds, in its discretion, that the particular circumstances of the case justify reducing the defendant's sentence." United States v. D'Angelo, 110 F.4th 42, 48 (1st Cir. 2024) (cleaned up); United States v. Ayala-Vázquez, 96 F.4th 1, 12-13 (1st Cir. 2024); United States v. Ruvalcaba, 26 F.4th 14, 18-19 (1st Cir. 2022). I determine whether these requirements have been met by bearing in mind "the holistic context" of the defendant's case. D'Angelo, 110 F.4th at 48.

As a preliminary matter, I am not persuaded by the defendant's claim that he needs to be released now to care for his elderly mother. Neither the defendant acting pro se nor his former appointed counsel have presented a persuasive case that his mother, although seriously ill, is either unable to obtain home health care where she currently resides or cannot sell her home and move closer to her other son who currently resides in the lakes region. Thus, the defendant cannot establish that his mother's need for care qualifies as an extraordinary and compelling circumstance warranting his release.

Nor am I persuaded by the defendant's additional claims that his spotless disciplinary record, his rehabilitative efforts, the length of his sentence when compared with the sentences given to other defendants, or the harsh realities of incarceration during the COVID-19 pandemic, alone or in combination, amount to extraordinary and compelling circumstances.

Even if the defendant could establish extraordinary and compelling circumstances, I would not grant his request because the § 3553(a) factors continue to require the sentence I originally imposed. When I sentenced the defendant, I varied substantially downward at the government's request and imposed a sentence that was five years below the bottom of the applicable sentencing guideline range of 360 months to life. In doing so, I imposed the minimum sentence that I deemed to be necessary to satisfy the requirements of the sentencing statute. In my view, that sentence remains the appropriate sentence. When I sentenced the defendant, I explained that one of the most troubling aspects of the case was the defendant's use of extortionate methods to control children for his own sexual gratification. Doc. 67 at 28. Given the nature of the defendant's criminal conduct, I believed then, and I continue to believe now, that a 300-month sentence is the minimum sentence necessary to produce a just sentence and to protect the public from future crimes by the defendant and

deter others from committing similar crimes. For these reasons, I deny the
defendant's motion for a sentence reduction. Doc. 74.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 23, 2024

cc:    Brian Powell, pro se
       Counsel of Record
       U.S. Probation
       U.S. Marshal